# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAMON E. ROMAN SOTO, | : |
| | : CIVIL ACTION |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : NO. 17-2193 |
| MATTHEW PERK, et al., | : |
| | : |
| Defendants. | : |

## MEMORANDUM

STENGEL, J.  June 28, 2017

This pro se civil rights lawsuit is based on an alleged civil conspiracy related to state court and arbitration proceedings in which the plaintiff was a litigant. The Honorable Nina Wright Padilla, a judge in the Philadelphia Court of Common Pleas, filed a motion to dismiss the claims against her. For the following reasons, the motion to dismiss is granted.

## I. FACTUAL BACKGROUND

Plaintiff Ramon Soto asserts civil rights claims in connection with a property dispute over a driveway and a gate he erected. (Compl. at 3.) According to the complaint, over the past ten years defendant Carlos Rodriguez broke the plaintiff's eight-foot gate, obstructed his "cut-curve entry," claimed a three-foot strip of the driveway, and caused him to expend funds for "constant repair damages." (Id.)

The plaintiff alleges that the defendants conspired to deprive him of his right to "reasonable action in the Court" in violation of the First Amendment as well as the due process and equal protection clauses of the Fourteenth Amendment. (Id. at 1.) The claims against Judge Padilla arise from an arbitration proceeding, to which she is alleged to have "falsely" given

"authority and legal life" even though, according to the plaintiff, arbitration "did not apply to the self admitted knocking down of [his] drive-way Gate, nor did [he] agreed [sic] to proceedings of Arbitration." (Id. at 2.)

## II. STANDARD OF REVIEW

Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. Following these basic dictates, the Supreme Court, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), subsequently defined a two-pronged approach to a court's review of a motion to dismiss. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Thus, although "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678–79.

Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the

2

court to infer more than the mere possibility of misconduct. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232–34 (3d Cir. 2008) (holding that: (1) factual allegations of complaint must provide notice to defendant; (2) complaint must allege facts suggestive of the proscribed conduct; and (3) the complaint's "'factual allegations must be enough to raise a right to relief above the speculative level.'" (quoting Twombly, 550 U.S. at 555)).

Notwithstanding these new dictates, the basic tenets of the Rule 12(b)(6) standard of review have remained static. Spence v. Brownsville Area Sch. Dist., No. Civ.A.08-626, 2008 WL 2779079, at *2 (W.D. Pa. July 15, 2008). The general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations. Phillips, 515 F.3d at 233. Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

### III. DISCUSSION

In count three of the complaint, the plaintiff alleges that Judge Padilla acted in concert with the other defendants "to deprive [him] of access to the Courts by falsely verifying and validating an ARBITRATION PROCEEDING which did not apply to [his] claims, nor did [he] consent to participate in arbitration proceedings; namely not being a contract related." (Compl. at 4.) He further alleges that Judge Padilla willfully acted in concert with others to protect defendant Carlos Rodriguez, to the plaintiff's detriment and with a purpose to run the plaintiff out of his premises and take over the driveway. (Id.)

3

Judge Padilla moves to dismiss the claims against her on immunity grounds and because the complaint fails to set forth a cause of action for conspiracy. Having considered the complaint and the parties' briefs, I find that Judge Padilla is immune from suit and that the conspiracy claim against her fails as a matter of law. I will therefore grant her motion to dismiss.

A. **Immunity**

"It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (quoting Mireles v. Waco, 502 U.S. 9, 9 (1991) (per curiam)). "[A] judge's immunity from civil liability 'is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial acts, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" Id. (quoting Mireles, 502 U.S. at 11–12). Neither set of circumstances is present here.[1] Accordingly, Judge Padilla is immune from suit and the claims against her must be dismissed.

B. **Failure to State a Claim**

The plaintiff's allegations of a civil conspiracy are wholly inadequate. "[A]llegations of conspiracy must be grounded firmly in facts; they cannot be conclusory nor can they hinge on bare suspicions and foundationless speculation." Simonton v. Tennis, 437 F. App'x 60, 63 (3d Cir. 2011) (citing Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991)). The complaint

---

[1] The plaintiff argues, without support, that Judge Padilla "was acting outside of its jurisdiction." (Pl.'s Resp. Opp'n to Mot. Dismiss 3.) This assertion is not sufficient to deprive Judge Padilla of judicial immunity.

He also re-states his claims in the complaint regarding the alleged errors committed by Judge Padilla in sending the case to arbitration, (id.), but Judge Padilla would be immune from suit even if the plaintiff's claims were accurate. See Gallas v. Supreme Court of Pa., 211 F.3d 760, 769 (3d Cir. 2000) ("Immunity will not be forfeited because a judge has committed grave procedural errors," "or because a judge has conducted a proceeding in an informal and ex parte manner," or "because the judge's action is unfair or controversial.") (internal quotation marks and citations omitted).

lacks these required specifics, and the plaintiff's arguments in support of his claims are not persuasive. For example, he attributes Judge Padilla's conduct to "an illegal assignment . . . to [Judge] Padilla by Court management" "or a secret organization compelling [her] to act or else suffer some misfortune." (Pl.'s Resp. Opp'n to Mot. Dismiss 3.) He also refers to "a Cell Structure conspiracy to compel judges to act against law abiding citizens" that includes "the invisible defendants." (Id. at 1.) Thus, even if Judge Padilla were not immune from suit—which she is—the plaintiff has failed to state a plausible claim for civil conspiracy.[2]

## IV. CONCLUSION

In light of the foregoing, Judge Padilla's motion to dismiss is granted. For the reasons discussed above, count three and any other claims intended to be asserted against her in the complaint are dismissed with prejudice.[3]

An appropriate Order follows.

---

[2] The plaintiff has also failed to plead the elements of a civil conspiracy claim. "To state a section 1983 conspiracy claim, a plaintiff must allege: (1) the existence of a conspiracy involving state action; and (2) a depravation of civil rights in furtherance of the conspiracy by a party to the conspiracy." Marchese v. Umstead, 110 F. Supp. 2d 361, 371 (E.D. Pa. 2000) (citing Panayotides v. Rabenold, 35 F.Supp.2d 411, 419 (E.D. Pa. 1999), aff'd, 210 F.3d 358 (3d Cir. 2000)). In addition, "[i]n order to sufficiently allege a claim of civil rights conspiracy, the complaint must specifically set forth: (1) the conduct that violated the plaintiff's rights; (2) the time and the place of the conduct; and (3) the identity of the officials responsible for the conduct." Simonton v. Tennis, 437 F. Appx 60, 63 (3d Cir. 2011) (citing Oatess v. Sobolevitch, 914 F.2d 428, 431 n.8 (3d Cir. 1990)) (additional citation omitted).

[3] The Third Circuit has made clear that if a complaint is subject to Rule 12(b)(6) dismissal, a district court must ordinarily permit a curative amendment unless such an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Dismissal without leave to amend is justified only on grounds of bad faith, undue delay, prejudice, and futility. Id. at 236.
  In this case, I am dismissing the claims against Judge Padilla with prejudice because any amendment to the claims against her would be futile in light of her immunity from suit in her official capacity based on the Eleventh Amendment and in her individual capacity based on judicial immunity.